## RHODES *v.* HINCKLEY.

Where the defendant, being indebted to the plaintiff, a banking firm, made a payment on account in the bank, to one of the plaintiff's clerks, and on a subsequent day agreed to lend to the clerk the amount thus paid, who took the money and used it, and the amount thus paid was never credited to the defendant on the books of the plaintiff: *Held*, that the amount paid by defendant, in the usual way of business, was a legal payment, and that defendant lost all control over it.

If defendant is ultimately liable for the amount thus advanced to the clerk, it must be in an action for thus advancing it, and not in an action on the original indebtedness.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

This was an action of *assumpsit*, to recover $290, loaned by J. M. Rhodes, banker, to defendant, December 20, 1854, the debt being assigned by J. M. Rhodes to plaintiff. The defendant plead a part payment of $160 on June 15, 1855. The record establishes the following facts: The defendant, on June 15, 1855, (being Sunday,) paid over the counter of the bank to Wm. Hanford, a clerk in the employ of Rhodes, $180, to be placed to his credit with the bank, but at the same time, at Hanford's request, loaned the latter $20 of it. The next day, Hanford asked defendant to loan him the whole amount till after the election, to which defendant assented, and Hanford accordingly drew the whole sum out at various times.

No credit was entered to defendant's account on the books of the bank, the defendant not having any regular account there, and such credits being habitually only made on tickets, except with regular customers who had accounts in the books. Hanford had nothing to do with the books of the bank.

Afterwards defendant was asked, by the book-keeper of the bank, if it was right that Hanford should use the money, and he replied that he would make it right with Hanford. The defendant paid $131 into Court before the trial, and obtained an order that no costs should be allowed plaintiff, if he failed to recover judgment for over that amount. The Court below gave judgment for the whole amount, and ordered the execution to be credited with the money paid into Court. Defendant appealed.

*Smith & Hardy* for Appellant.

Contracts, to be binding, must be mutual between the parties, and unless they are so, have no legal effect for any purpose. Tucker v. Woods, 12 Johnson, 190; Keep and Sake v. Goodrich, 12 Johnson, 397.

The payment of the money by defendant to plaintiff's clerk, was a payment, and the defendant lost all control of the money so paid.

The fact that the money was not credited, does not make it any less a payment, and when so once paid, no party had any right to change the original payment.

*Edwards & English* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

In this case, the conclusion of law drawn from the facts is incorrect. The plaintiff declares for a sum due on the 20th December, 1854, and the defendant pleads, by way of offset, a payment in June, 1855.

It appears that the defendant paid the sum of one hundred and sixty dollars, upon his account, to the witness, Hanford, who was authorized to receive money for the firm of which he was a clerk, and that the amount was not credited upon the books, but by a ticket, which was the usual way, when such sums were paid by persons who were not regular depositors or customers; that said Hanford, though authorized to receive, had no control over the money or banking business of the firm.

This sum having been received in the usual way of business, and having gone into the drawer, was in law a legal payment; the possession was changed, and the defendant lost all control over it.

The agreement to lend the amount to the witness, Hanford, was not obligatory upon the firm, as they might have refused to allow him to draw the money, and the subsequent reply of the defendant, when interrogated, as to the fact of the loan, "that he would make it all right with the witness," does not change the character of the transaction. As to the ultimate liability of the defendant for the amount advanced to Hanford, we express no opinion ; but we are clear upon the point that the plaintiff should have declared for the hundred and thirty dollars, contracted December, 1854, and also for the amount advanced to Hanford at the instance of the defendant.

It is contended that there is no statement in the record. The order

of the Court below overruling the motion for a new trial, purports to have been made upon the statement on file, which contains the above facts.

Judgment reversed.